**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-7333**

---

IRA WAYNE MADISON,

Plaintiff - Appellant,

versus

SERGEANT KILBOURNE; M. COMER; N. HALL;
MULLINS; D. BAKER, Correctional Officer;
OFFICER PELIRELLI; MAJOR FLEMING; CAPTAIN
KISER; INSTITUTIONAL INVESTIGATOR YATES; NURSE
MOORE; WARDEN BRAXTON; J. ARMENTROUT; N.
COMER, Correctional Officer; OFFICER PELFREY,

Defendants - Appellees.

---

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke. James C. Turk, Senior District
Judge. (7:04-cv-00639-jct)

---

Submitted: February 28, 2007          Decided: March 27, 2007

---

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

---

Ira Wayne Madison, Appellant Pro Se.  William W. Muse, Assistant
Attorney General, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ira Wayne Madison appeals the district court's order granting summary judgment to the Defendants on his 42 U.S.C. § 1983 (2000) complaint. The district court's grant of summary judgment is reviewed de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' burdens of proof. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. Id. at 255; Smith v. Va. Commonwealth Univ., 84 F.3d 672, 675 (4th Cir. 1996).

Madison asserted in his verified complaint that the Defendants violated his constitutional rights by denying him two meals and refusing to give him two doses of his anti-seizure medication. Madison asserts that he suffered a seizure as a result. The Defendants presented evidence that Madison refused his meals and his medication. They also submitted evidence that, after Madison was found lying on the floor of his cell, a nurse examined him and prepared a report. The prison doctor reviewed this report and concluded that Madison had not suffered a seizure at the time alleged. Madison submitted a videotape as evidence. On the

videotape, Madison is seen lying prone on the floor of the cell. He is unresponsive to the prison guards.  After lying there for some time, Madison begins to shake all over, seemingly experiencing a seizure.

Based on these conflicting statements and evidence, we find that there is a genuine issue of material fact as to whether Defendants intentionally deprived Madison of his meals and his medication, and, if so, whether Madison suffered any significant injury as a result.  We conclude that, as to this Eighth Amendment claim, the district court erred in granting summary judgment.  We vacate that portion of the district court's order and remand the action for further proceedings.

As to Madison's remaining claims, we have reviewed the record and find no reversible error. Accordingly, as to those claims, we affirm for the reasons stated by the district court. Madison v. Kilbourne, No. 7:04-cv-00639-jct (W.D. Va. July 18, 2006).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

- 3 -